UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:  NIFEDIPINE ANTITRUST LITIGATION | Civil Action Number 1:03MS00223 (RJL) MDL No. 1515 |
| THIS DOCUMENT RELATES TO: MAXI DRUG, INC., d/b/a BROOKS PHARMACY, Plaintiff, v. BIOVAIL CORPORATION, BIOVAIL TECHNOLOGIES, LTD., ELAN CORPORATION, PLC, ELAN PHARMACEUTICAL RESEARCH CORPORATION, and TEVA PHARMACEUTICALS USA, Inc., Defendants. | Civil Action No. 1:06CV00532 RJL (D.D.C.) |

**ANSWER TO THE COMPLAINT AND
DEMAND FOR JURY TRIAL OF MAXI DRUG, INC.**

Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA"), by its undersigned counsel,

as and for its Answer and Affirmative Defenses to the Complaint and Demand for Jury Trial,

responds as follows:

**ANSWER**

Nature of the Action

1.      Teva USA admits the allegations in Paragraph 1 only to the extent that this is a

1188494.3

civil antitrust action seeking treble damages and other relief. Teva USA denies all other

allegations in Paragraph 1.

2.      Teva USA denies the allegations in Paragraph 2.

3.      Teva USA denies the allegations in the first sentence of Paragraph 3. The

allegations in the second, third, and fourth sentences of Paragraph 3 purport to state Plaintiff's

views about prices for generic pharmaceutical products. These allegations lack sufficient detail

and context to allow Teva USA to form a belief as to their truth or falsity, and are therefore

denied. To the extent Paragraph 3 purports to state any other fact or claim, Teva USA denies

those allegations. To the extent Paragraph 3 states legal conclusions, Teva USA neither admits

nor denies such statements.

4.      Teva USA denies the allegations in Paragraph 4.

5.      Paragraph 5 states legal conclusions. Teva USA neither admits nor denies such

statements.

## Jurisdiction and Venue

6.      Paragraph 6 states legal conclusions. Teva USA neither admits nor denies such

statements.

7.      The first "Paragraph 7" states legal conclusions. Teva USA neither admits nor

denies such statements.

1188494.3

## The Parties

7.      Teva USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second "Paragraph 7" and therefore denies them.

8.      Teva USA admits the allegations in the first and fourth sentences of Paragraph 8. The second and third sentences of Paragraph 8 state Plaintiff's views about Biovail. Teva USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 8 and therefore denies them.

9.      Teva USA admits the allegations in the first and fourth sentences of Paragraph 9. The second and third sentences of Paragraph 9 state Plaintiff's views about Elan. Teva USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 9 and therefore denies them.

10.      Teva USA admits the allegations in the first sentence of Paragraph 10. The second and third sentences of Paragraph 10 argumentatively characterize Teva. Teva USA denies the allegations in the second and third sentences of Paragraph 10, as characterized by Plaintiff.

## Trade and Commerce

11.      Teva USA denies the allegations in Paragraph 11.

## Operative Facts

### Federal Regulation of New Pharmaceutical Products

12.      Paragraph 12 states Plaintiff's views about the Food, Drug, and Cosmetics Act. Teva USA refers to the statute for its content, and denies any allegations inconsistent therewith.

1188494.3

To the extent Paragraph 12 states legal conclusions, Teva USA neither admits nor denies such statements. To the extent Paragraph 12 alleges any other fact or claim, Teva USA denies the allegation.

13.    Paragraph 13 states Plaintiff's views about the Hatch-Waxman Amendments to the Food, Drug, and Cosmetic Act ("Hatch-Waxman Amendments"). Teva USA refers to the Hatch-Waxman Amendments for their content, and denies any allegation inconsistent therewith. To the extent Paragraph 13 states legal conclusions, Teva USA neither admits nor denies such statements. To the extent Paragraph 13 alleges any other fact or claim, Teva USA denies the allegation.

14.    Paragraph 14 states Plaintiff's views about the Hatch-Waxman Amendments. Teva USA refers to the Hatch-Waxman Amendments for their content, and denies any allegation inconsistent therewith. To the extent Paragraph 14 states legal conclusions, Teva USA neither admits nor denies such statements. To the extent Paragraph 14 alleges any other fact or claim, Teva USA denies the allegation.

15.    Paragraph 15 states Plaintiff's views about the Hatch-Waxman Amendments. Teva USA refers to the Hatch-Waxman Amendments for their content, and denies any allegation inconsistent therewith. To the extent Paragraph 15 states legal conclusions, Teva USA neither admits nor denies such statements. To the extent Paragraph 15 alleges any other fact or claim, Teva USA denies the allegation.

16.    Paragraph 16 states Plaintiff's views about the Hatch-Waxman Amendments. Teva USA refers to the Hatch-Waxman Amendments for their content, and denies any allegation inconsistent therewith. To the extent Paragraph 16 states legal conclusions, Teva USA neither

1188494.3

admits nor denies such statements.  To the extent Paragraph 16 alleges any other fact or claim,

Teva USA denies the allegation.

17.    Paragraph 17 states Plaintiff's views about prices for generic pharmaceutical

products.  These allegations lack sufficient detail and context to allow Teva USA to form a belief

as to their truth or falsity, and are therefore denied.  To the extent Paragraph 17 alleges any other

fact or claim, Teva USA denies those allegations.

## Nifedipine-based Products

18.    Teva USA admits the allegations in Paragraph 18.

19.    Teva USA admits the allegations in Paragraph 19.

20.    Teva USA admits the allegations in Paragraph 20.

21.    Teva USA admits the allegations in Paragraph 21.

22.    Upon information and belief, Teva USA admits the allegations in Paragraph 22.

23.    The allegations in Paragraph 23 as written lack sufficient detail, context, and

clarity to allow Teva USA to form a belief as to their truth or falsity, and are therefore denied.

24.    Teva USA lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of Paragraph 24 and therefore denies the allegations.

## Generic Adalat CC

25. Teva USA admits the allegations in the first sentence of Paragraph 25.  The

remainder of Paragraph 25 states Plaintiff's views about the content of the ANDA filed by Elan.

Teva USA refers to the application for its content, and denies any allegations inconsistent

1188494.3

therewith. To the extent that Paragraph 25 alleges any other fact or claim, Teva USA denies those allegations.

26.    Teva USA admits the allegations in the first sentence of Paragraph 26. The remainder of Paragraph 26 states Plaintiff's views about the Hatch-Waxman Amendments. Teva USA refers to the Hatch-Waxman Amendments for their contents, and denies any allegations inconsistent therewith. To the extent Paragraph 26 states legal conclusions, Teva USA neither admits nor denies such statements.

27.    Teva USA admits the allegations in the first and second sentence of Paragraph 27. Teva USA admits the allegations in the third sentence of Paragraph 27 only to the extent that it alleges that Bayer brought patent infringement actions in the jurisdictions indicated. To the extent Paragraph 27 alleges any other fact or claim, Teva USA denies those allegations.

28.    Teva USA admits the allegations in Paragraph 28.

29.    Teva USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies the allegations.

30.    Teva USA admits the allegations in Paragraph 30.

31.    Teva USA admits the allegations in Paragraph 31.

32.    Teva USA admits the allegations in Paragraph 32.

<u>The Biovail/Teva-Elan Agreement</u>

33.    Teva USA denies the allegations in Paragraph 33, as argumentatively characterized by Plaintiff.

1188494.3

34.     Teva USA admits the allegations in Paragraph 34.

35.     Teva USA denies the allegations in Paragraph 35, as argumentatively characterized by Plaintiff.

36.     Teva USA denies the allegations in Paragraph 36.

37.     Teva USA denies the allegations in Paragraph 37, as argumentatively characterized by Plaintiff.

38.     Teva USA admits the allegations in Paragraph 38.

39.     Teva USA admits the allegations in Paragraph 39.

40.     Paragraph 40 states a legal conclusion.  Teva USA neither admits nor denies such statement.

41.     Teva USA admits the allegations in the first sentence of Paragraph 41.  Teva USA denies all other allegations in Paragraph 41.

42.     Teva USA admits the allegations in Paragraph 42.

43.     Teva USA admits the allegations in Paragraph 43.

44.     Teva USA admits the allegations in Paragraph 44 to the extent that on March 29, 2001, Bayer's patent infringement suit against Elan, Biovail and Teva was dismissed.  The remaining allegations in Paragraph 44 state Plaintiff's views about the order of dismissal in the case.  Teva USA refers to the order for its content, and denies any allegations inconsistent therewith.  To the extent that Paragraph 44 alleges any other fact or claim, Teva USA denies

1188494.3

those allegations.

45.    Paragraph 45 states a legal conclusion.  Teva USA neither admits nor denies such statement.

46.    Teva USA admits the allegations in the first sentence of Paragraph 46.  Teva USA denies all other allegations in Paragraph 46.

## Effects of the Agreement

47.    Teva USA denies the allegations in Paragraph 47.

48.    Teva USA denies the allegations in Paragraph 48.

49.    Teva USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 49 and therefore denies those allegations.  Teva USA denies the allegations in the third sentence of Paragraph 49.  To the extent Paragraph 49 alleges any other fact or claim, Teva USA denies those allegations.

## Relevant Market

50.    Paragraph 50 states a legal conclusion.  To the extent a response is required, Teva USA denies these allegations.  To the extent Paragraph 50 states any fact or claim, Teva USA denies the allegations.

## Antitrust Violations

51.    Teva USA denies the allegations in Paragraph 51.

52.    Teva USA denies the allegations in Paragraph 52.

1188494.3

53.     Teva USA denies the allegations in Paragraph 53.

54.     Teva USA denies the allegations in Paragraph 54.

55.     Teva USA denies the allegations in Paragraph 55.

56.     Paragraph 56 states legal conclusions.  To the extent that a response is required, Teva USA denies such statements.  To the extent Paragraph 56 states any fact or claim, Teva USA denies the allegations.

## Prayer for Relief

Teva USA denies that Plaintiff is entitled to any of the relief they have requested.

## **GENERAL DENIAL**

Teva USA denies each and every allegation of the complaint, including any set out in headings, that has not herein either been admitted or controverted for lack of sufficient knowledge or information.

### **AFFIRMATIVE DEFENSES OF TEVA USA**

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff suffered no injury to its business or property caused by any action or omission of Teva USA.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiff suffered no damages resulting from the conduct of Teva USA.

#### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were caused in whole or in part by the conduct of persons or entities other than Teva USA.

1188494.3

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered "antitrust injury" and therefore has no claim as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim in which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff did not purchase from Teva USA generic Adalat CC® 30 mg after

December 4, 2000 or generic Adalat CC® 60 mg after October 26, 2001, Plaintiff lacks standing.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent the conduct challenged by Plaintiff involved an allegedly unlawful

agreement between Biovail and Elan, Plaintiff lacks standing.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are based upon alleged assignments from third

parties, those claims are barred to the extent that such assignments are invalid.

## NINTH AFFIRMATIVE DEFENSE

To the extent the conduct challenged by Plaintiff involved Teva USA, such conduct was

justified as a reasonable exercise of business judgment which is not forbidden by law.

## TENTH AFFIRMATIVE DEFENSE

To the extent the conduct challenged by Plaintiff involved Teva USA, such conduct was

a lawful, proper and justified means to accomplish legitimate business objectives.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent the conduct challenged by Plaintiff involved Teva USA, such conduct

conformed with and was pursuant to all applicable statutes and regulations, and was not

unlawful.

1188494.3

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries or damages, if any, were not proximately caused by any conduct or inaction of Teva USA, were not foreseeable, or both.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent the conduct challenged by Plaintiff involved Teva USA, Teva USA acted reasonably and in good faith at all times material to the Complaint based on all relevant facts and circumstances known to it at the time Teva USA so acted.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent the conduct challenged by Plaintiff involved Teva USA, Plaintiff fails to allege Teva USA's participation in any alleged agreement or conspiracy with the requisite specificity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Teva USA has not entered into any actionable trust, combination, agreement, or conspiracy in restraint of trade.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Teva USA hereby gives notice that it intends to rely on any other defense or defenses that may become available or apparent as a result of the development of additional information, through discovery in this action or otherwise, and hereby reserves the right to amend its answer and to assert any such defense.

1188494.3

Dated: May 22, 2006

Respectfully Submitted,

TEVA PHARMACEUTICALS U.S.A.,
INC.

By: _____
Theodore C. Whitehouse (# 298331)
Randy J. Branitsky (# 435412)
Benjamin W. Jackson (# 490797)

WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006
Tel.: 202-303-1000
Fax: 202-303-2000