UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: NIFEDIPINE ANTITRUST LITIGATION | Civil Action No. 1:03MS00223 (RJL) MDL No. 1515 |

This Document Relates to:
Case No. 1:06CV00532 (RJL)

      MAXI DRUG, INC., d/b/a
      BROOKS PHARMACY,

              Plaintiff,

vs.

      BIOVAIL CORPORATION, 7150
      Mississauga Road, Mississauga, Ontario
      L5N 8M5; BIOVAIL TECHNOLOGIES,
      LTD., 700 Route 202/206, Bridgewater,
      NJ 08807; ELAN CORPORATION,
      PLC; ELAN PHARMACEUTICAL
      RESEARCH CORPORATION; and
      TEVA PHARMACEUTICALS USA,
      INC.,

              Defendants.

**ANSWER TO THE AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL OF MAXI DRUG, INC.**

      Defendants Biovail Corporation and Biovail Technologies (collectively, the "Biovail

Defendants"), by their undersigned attorneys, answer the Complaint and Demand for Jury Trial

of Maxi Drug, Inc. d/b/a Brooks Pharmacy ("Plaintiff"), as follows:

1

Nature of the Action

1.      Admit that the Plaintiffs purport to bring a civil antitrust action seeking certain relief against certain of the parties listed in Paragraph 1, and deny the remaining allegations of Paragraph 1.

2.      Deny the allegations of Paragraph 2.

3.      Admit that the first generic entrant often is priced below the brand name price, deny knowledge or information sufficient to form a belief as to the allegations regarding the effects of multiple generic pharmaceutical entrants on price, and deny the remaining allegations of Paragraph 3.

4.      Deny the allegations of Paragraph 4.

5.      State that Paragraph 5 states a legal conclusion to which no responsive pleading is required.

Jurisdiction and Venue

6.      State that Paragraph 6 states a legal conclusion to which no responsive pleading is required, except admit that Plaintiffs purport to invoke the statutes cited, and deny that Plaintiffs are entitled to any relief under those statutes.

7.      State that the first "Paragraph 7" states a legal conclusion to which no responsive pleading is required.

<u>The Parties</u>

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second "Paragraph 7" except deny that Plaintiff purchased generic Adalat CC directly from the Biovail Defendants.

8.     Admit the allegations of Paragraph 8.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, except, upon information and belief, admit the allegations of the fourth sentence of Paragraph 9.

10.     Admit that Teva Pharmaceuticals USA, Inc. ("Teva") holds exclusive rights to sell generic Adalat CC manufactured by Biovail Corporation in the United States; deny that "Teva is the exclusive marketing agent for generic Adalat CC United States" in that Defendant Elan Corporation, plc manufactures generic Adalat CC that is distributed in the United States by Watson Pharmaceuticals, Inc.; deny that Teva was an agent, joint venturer or co-conspirator with Elan and Biovail, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

<u>Trade and Commerce</u>

11.     Admit that generic Adalat CC 30 and 60 mg. have been sold in interstate commerce and deny the remaining allegations of Paragraph 11.

<u>Operative Facts</u>

12.     Admit the first sentence of Paragraph 12 and state that the remaining sentences of Paragraph 12 state legal conclusions to which no response is required.  The Biovail Defendants

refer to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, for a full and accurate statement of its contents.

13.     State that Paragraph 13 states legal conclusions to which no response is required. The Biovail Defendants refer to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, and to the Hatch-Waxman Amendments thereto for full and accurate statements of their contents.

14.      State that Paragraph 14 states legal conclusions to which no response is required. The Biovail Defendants refer to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, and to the Hatch-Waxman Amendments thereto for full and accurate statements of their contents.

15.     State that Paragraph 15 states legal conclusions to which no response is required except admit that Biovail Corporation provided a Paragraph IV Certification to the FDA with respect to its generic Adalat CC formulations.  The Biovail Defendants refer to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, and to the Hatch-Waxman Amendments thereto for full and accurate statements of their contents.

16.     State that Paragraph 16 states legal conclusions to which no response is required. The Biovail Defendants refer to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, and to the Hatch-Waxman Amendments thereto for full and accurate statements of their contents.

17.     Deny the allegations of Paragraph 17, except admit that during the 180-day exclusivity period, generic drugs are often priced below their brand-name equivalents.

4

18.     Admit the allegations of Paragraph 18.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, except admit the allegations of the first sentence of Paragraph 19.

20.     Admit the allegations of Paragraph 20.

21.     Admit the allegations of Paragraph 21.

22.     Upon information and belief, Biovail admits the allegations of Paragraph 22.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, except admit the allegations of the first two sentences of Paragraph 23.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26.     State that the allegations of Paragraph 26 are legal conclusions as to which no responsive pleading is required, but to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, except admit, on information and belief, that Bayer filed a patent infringement action against Elan over Elan's 30 mg. generic Adalat CC.

27.     Admit the allegations of Paragraph 27.

28.     Admit, upon information and belief, the allegations of Paragraph 28.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31.     Admit the allegations of Paragraph 31.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33.     Admit that Biovail Laboratories, Inc. and Elan Corporation entered into an agreement, state that the Agreement was entered into on or about October 4, 1999, respectfully refer to that agreement for a full and accurate statement of its contents, and deny the remaining allegations of Paragraph 33.

34.     Admit the allegations of Paragraph 34.

35.     Admit that Biovail Laboratories, Inc. and Falfalo N.V., a wholly owned subsidiary of Teva, entered into an Exclusive Distribution Agreement prior to October 1999, respectfully refer to that agreement for a full and accurate statement of its contents, and deny the remaining allegations of Paragraph 35.

36.     Deny the allegations of Paragraph 36.

37.     Deny the allegations of Paragraph 37.

38.     Admit the allegations of Paragraph 38, except deny the truth of any allegations of patent infringement.

39.     Admit the allegations of Paragraph 39.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41.     Admit that the FDA granted Biovail Corporation final approval for its generic Adalat CC products on December 4, 2000, but otherwise deny the allegations of Paragraph 41.

42.     Admit, upon information and belief, the allegations of Paragraph 42.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44.     Upon information and belief, admit that a decision was rendered, refer to the decision for a full and accurate statement of its contents, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44.

45.     Admit the allegations of Paragraph 45.

46.     Deny the allegations of Paragraph 46, except admit, upon information and belief, the allegation regarding FDA approval of Elan's ANDA for its 60 mg version of generic Adalat CC.

47.     Deny the allegations of paragraph 47.

48.     Deny the allegations of paragraph 48.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, except deny the allegations of the last two sentences of Paragraph 49.

50.     State that the allegations of Paragraph 50 are legal conclusions as to which no responsive pleading is required, but to the extent a response is required, deny the allegations of Paragraph 50.

## Antitrust Violations

51.     States that the allegations of Paragraph 51 are legal conclusions as to which no responsive pleading is required, but to the extent a response is required, deny these allegations.

52.     Deny the allegations of Paragraph 52.

53.     Deny the allegations of Paragraph 53.

54.     Deny the allegations of Paragraph 54.

55.     Deny the allegations of Paragraph 55.

56.     Deny the allegations of paragraph 56.

## FIRST DEFENSE

57.     The Complaint does not state any claims as against the Biovail Defendants.

## SECOND DEFENSE

58.    The Plaintiff did not purchase generic Adalat CC directly from any of the Biovail Defendants and therefore lacks standing to sue them under the rule of *Illinois Brick*.

## THIRD DEFENSE

59.    To the extent Plaintiff seek damages duplicative of damages available to other plaintiffs, including plaintiffs in other actions, such a recovery would violate the constitutional rights of the Biovail Defendants, including the right to due process of law.

## FOURTH DEFENSE

60.    To the extent the conduct challenged by Plaintiff involved the Biovail Defendants, such conduct conformed with all applicable statutes and regulations.

## FIFTH DEFENSE

61.    The distribution arrangements agreed to by Biovail Laboratories, Inc., Elan Corporation, plc, and Falfalo N.V. (a Teva subsidiary) did not harm competition and instead increased competition, expanded output, and decreased costs.

## SIXTH DEFENSE

62.    Plaintiff suffered no injury in its business or property caused by any action or omission of the Biovail Defendants.

## SEVENTH DEFENSE

63.    Plaintiff suffered no damages resulting from the conduct of the Biovail Defendants.

**EIGHTH DEFENSE**

64.    Plaintiff's alleged damages, if any, were caused in whole or in part by the conduct of persons or entities other than the Biovail Defendants.

**NINTH DEFENSE**

65.    Plaintiff has not suffered "antitrust injury" and therefore has no claim as a matter of law.

**TENTH DEFENSE**

66.    Plaintiff's alleged injuries or damages, if any, were not proximately caused by any conduct or inaction of the Biovail Defendants, were not foreseeable, or both.

**ELEVENTH DEFENSE**

67.    To the extent the conduct challenged by Plaintiff involved the Biovail Defendants, the Biovail Defendants acted reasonably and in good faith at all times, and were a lawful, proper, and reasonable exercise of business judgment in order to accomplish legitimate business objectives, and were not forbidden by law.

**TWELFTH DEFENSE**

68.    To the extent Plaintiff did not purchase generic Adalat CC® 30 mg from the Biovail Defendants after December 4, 2000 or generic Adalat CC® 60 mg after October 26, 2001, Plaintiff lacks standing.

**THIRTEENTH DEFENSE**

69.    To the extent the conduct challenged by Plaintiff involved the Biovail Defendants, Plaintiff fails to allege the Biovail Defendants' participation in any alleged agreement or conspiracy with the requisite specificity.

**FOURTEENTH DEFENSE**

70.    The Biovail Defendants have not entered into any actionable trust, combination, agreement, or conspiracy in restraint of trade.

**FIFTEEN DEFENSE**

71.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

Dated: May 23, 2006

PROSKAUER ROSE LLP

By: _____/s/_____
        Ronald S. Rauchberg
        Steven E. Obus
        Scott A. Eggers
        Stefanie S. Kraus
        Anthony T. Wladyka, III

1585 Broadway
New York, New York  10036-8299
(212) 969-3000

            and

By: _____/s/_____
        Robert M Bernstein (D.C. Bar No. 490166)

1001 Pennsylvania Ave., NW
Suite 400 South
Washington, DC 20004
(202) 416-6800

*Attorneys for Defendants*
*Biovail Corporation and*
*Biovail Technologies, Ltd.*