UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Nifedipine Antitrust Litigation ) | MDL No. 1515 |
| ) | |
| This Document Relates to: ) | Case No. 1:03-MS-223 (RJL) |
| ) | |
| MAXI-DRUG, INC., ) | |
| d/b/a BROOKS PHARMACY ) | |
| ) | |
| v. ) | |
| ) | |
| BIOVAIL CORPORATION, BIOVAIL ) | |
| TECHNOLOGIES, LTD., ELAN CORPORATION, ) | |
| PLC, ELAN PHARMACEUTICAL RESEARCH ) | |
| CORPORATION, and TEVA PHARMACEUTICALS ) | |
| USA, INC., ) | |
| ) | |
| Case No. 1:06cv00532-RJL ) | |

ANSWER OF DEFENDANTS ELAN CORPORATION, PLC
AND ELAN PHARMACEUTICAL RESEARCH CORPORATION TO THE
COMPLAINT AND DEMAND FOR JURY TRIAL OF MAXI-DRUG

Defendants Elan Corporation, plc ("Elan Corporation") and Elan Pharmaceutical Research Corporation ("Elan Research") (collectively "Elan"), by counsel, hereby submit their answer to the Complaint ("Complaint") of Plaintiff Maxi-Drug, Inc., d/b/a Brooks Pharmacy ("Plaintiff").

Elan denies each and every allegation in the Complaint except as expressly admitted herein. Except as expressly stated below, the Elan defendants answer and respond only to those allegations that are directed toward them. To the extent a response to allegations directed toward an entity other than the Elan defendants is required, Elan states that it is without sufficient

knowledge or information to form a belief as to the truth of those allegations and thus denies them on that basis.

## Nature of the Action

1. Elan denies the allegations contained in Paragraph 1 of the Complaint, except that it admits only that Plaintiff purports to bring this action alleging the claims identified in Paragraph 1 of the Complaint.

2. Elan denies the allegations contained in Paragraph 2 of the Complaint.

3. Elan denies the allegations contained in the first sentence of Paragraph 3 of the Complaint. Elan is without sufficient information or knowledge to admit or deny the allegations contained in the remainder of Paragraph 3 of the Complaint and on that basis denies them.

4. Elan denies the allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains only conclusions of law to which no response is required and, therefore, Elan neither admits nor denies the allegations.

## Jurisdiction and Venue

6. Paragraph 6 of the Complaint contains only conclusions of law to which no response is required and, therefore, Elan neither admits nor denies those allegations, except that it admits that Plaintiffs purport to bring this action pursuant to the statutory provisions identified in Paragraph 6 of the Complaint.

7.      Elan denies the allegations contained in the first sentence of the first "Paragraph 7" of the Complaint. Elan is without sufficient information or knowledge to admit or deny the allegations contained in the second sentence of the first "Paragraph 7" of the Complaint and on that basis denies them. The third sentence of the first "Paragraph 7" of the Complaint contains only conclusions of law to which no response is required and, therefore, Elan neither admits nor denies the allegations contained in the third sentence of the first "Paragraph 7" of the Complaint.

### The Parties

7a.     Elan is without sufficient information or knowledge to admit or deny the allegations contained in the first and second sentences of the second "Paragraph 7" of the Complaint and on that basis denies them. Elan denies the allegations contained in the third and fourth sentences of the second "Paragraph 7" of the Complaint.

8.      Elan is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of the Complaint and on that basis denies them.

9.      Elan admits the allegations contained in the first sentence of Paragraph 9 of the Complaint. Elan denies the allegations contained in the second sentence of Paragraph 9 of the Complaint, except that Elan admits that Elan Pharmaceuticals Research Corporation was a wholly-owned subsidiary of Elan Corporation. Elan denies the allegations contained in the third sentence of Paragraph 9 of the Complaint, except that Elan admits that Elan Corporation is a manufacturer of generic and branded pharmaceutical products, is engaged in pharmaceutical development, and has manufacturing facilities in Ireland. Elan admits the allegations contained in the fourth sentence of Paragraph 9 of the Complaint.

10. Elan is without sufficient information or knowledge to admit or deny the allegations contained in the first sentence of Paragraph 10 of the Complaint and on that basis denies them. Elan denies the remaining allegations contained in Paragraph 10 of the Complaint.

Trade and Commerce

11. Elan denies the allegations contained in Paragraph 11 of the Complaint.

Operative Facts

12. The allegations of Paragraph 12 of the Complaint contain only conclusions of law to which no response is required and, therefore, Elan neither admits nor denies those allegations. Elan respectfully refers the Court to the text of the referenced statutes for a full and accurate statement of their contents.

13. Paragraph 13 of the Complaint contains only conclusions of law to which no response is required and, therefore, Elan neither admits nor denies the allegations contained in Paragraph 13 of the Complaint. Elan respectfully refers the Court to the text of the referenced statutes and case for a full and accurate statement of their contents.

14. Paragraph 14 of the Complaint contains only conclusions of law to which no response is required and, therefore, Elan neither admits nor denies the allegations contained in Paragraph 14 of the Complaint. Elan respectfully refers the Court to the text of the referenced statutes for a full and accurate statement of their contents.

15. Paragraph 15 of the Complaint contains only conclusions of law to which no response is required and, therefore, Elan neither admits nor denies the allegations contained in

Paragraph 15 of the Complaint. Elan respectfully refers the Court to the text of the referenced statutes for a full and accurate statement of their contents.

16. Paragraph 16 of the Complaint contains conclusions of law to which no response is required and, therefore, Elan neither admits nor denies the allegations contained in Paragraph 16 of the Complaint. Elan respectfully refers the Court to the text of the referenced statutes for a full and accurate statement of their contents.

17. Elan denies the allegations contained in Paragraph 17 of the Complaint.

18. Elan is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 of the Complaint and on that basis denies them, except only that Elan admits that Nifedipine is a prescription drug that is prescribed for the treatment of hypertension, and that Nifedipine is one of a class of drugs known as calcium channel blockers.

19. Elan is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 19 of the Complaint and on that basis denies them.

20. Elan is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20 of the Complaint and on that basis denies them, except only that Elan admits that extended release technology allows for the continuing and slow release of a drug into a patient's bloodstream over a period of time.

21. Elan admits, upon information and belief, the allegations contained in Paragraph 21 of the Complaint.

22. Elan is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 22 of the Complaint and on that basis denies them.

23. Elan is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 23 of the Complaint and on that basis denies them.

24. Elan is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint and on that basis denies them.

25. Elan admits the allegations contained in Paragraph 25 of the Complaint as they relate to Elan Corporation, and denies the allegations contained in Paragraph 25 of the Complaint as they relate to Elan Pharmaceuticals Research Corporation.

26. Elan denies the allegations contained in Paragraph 26 of the Complaint, except that it admits that on August 22, 1997, Bayer initiated a patent action against Elan Corporation in the U.S. District Court for the Northern District of Georgia. The second sentence of Paragraph 26 of the Complaint contains conclusions of law to which no response is required and, therefore, Elan neither admits nor denies the allegations contained in the second sentence of Paragraph 26 of the Complaint.

27. Elan is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27 of the Complaint and on that basis denies them, except that Elan admits, on information and belief, that Biovail Corporation filed an ANDA for 30 mg and 60 mg generic equivalents to Adalat CC and that Bayer brought patent litigation actions against Biovail Corporation.

28.	Elan admits that on March 16, 1999, Judge O'Kelley granted Elan's motion for summary judgment against Bayer. The remaining allegations of Paragraph 28 state Plaintiffs' views about the order. Elan refers the Court to the text of Judge O'Kelley's order for its content and basis of the ruling, and Elan denies any allegations that are inconsistent with the order.

29.	Elan is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 29 of the Complaint and on that basis denies them.

30.	Elan admits that on May 28, 1999, the FDA tentatively approved Elan Corporation's ANDA for 30mg generic Adalat CC. Elan denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.	Elan admits the allegations contained in Paragraph 31 of the Complaint, except that upon information and belief the date of tentative approval was June 30, 1999.

32.	Elan admits the allegations contained in Paragraph 32 of the Complaint as they relate to Elan Corporation, and denies the allegations contained in Paragraph 32 of the Complaint as they relate to Elan Pharmaceuticals Research Corporation.

33.	Elan denies the allegations contained in Paragraph 33 of the Complaint, except only that it admits that Biovail Laboratories, Inc. and Elan Corporation entered into an agreement on or about October 14, 1999. Elan respectfully refers the Court to the text of that agreement for a full and accurate statement of its contents.

34. Elan admits the allegations contained in Paragraph 34 of the Complaint as they relate to Elan Corporation, and denies the allegations contained in Paragraph 34 of the Complaint as they relate to Elan Pharmaceutical Research Corporation.

35. Elan is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 35 of the Complaint and on that basis denies them.

36. Elan denies the allegations contained in Paragraph 36 of the Complaint.

37. Elan denies the allegations contained in Paragraph 37 of the Complaint.

38. Elan denies the allegations contained in Paragraph 38 of the Complaint, except that Elan admits that on May 8, 2000, Bayer filed a lawsuit against certain Elan, Biovail, and Teva entities relating to the 30 mg generic Adalat CC.

39. Elan admits that on May 12, 2000, the U.S. Court of Appeals for the Federal Circuit affirmed Judge O'Kelley's order granting summary judgment in favor of Elan Corporation against Bayer. The remaining allegations contained in the first sentence of Paragraph 39 of the Complaint state Plaintiffs' views about the decision and Elan denies them on that basis. Elan refers the Court to the text of the Court of Appeals' decision for its content and basis of the ruling, and Elan denies any allegations that are inconsistent with the decision. Elan admits the allegations contained in the last sentence of Paragraph 39.

40. Paragraph 40 of the Complaint contains conclusions of law to which no response is required and, therefore, Elan neither admits nor denies the allegations contained in Paragraph 40 of the Complaint.

41. Elan admits the allegations contained in the first sentence of Paragraph 41 of the Complaint. Elan denies the remaining allegations contained in Paragraph 41 of the Complaint.

42. Elan admits the allegations contained in Paragraph 42 of the Complaint as they relate to Elan Corporation and denies the allegations as they relate to Elan Pharmaceutical Research Corporation.

43. Elan admits that on March 21, 2001, Judge O'Kelley dismissed Bayer's lawsuit. The remaining allegations of Paragraph 43 state Plaintiffs' views about the order. Elan refers the Court to the text of Judge O'Kelley's order for its content and basis of the ruling, and Elan denies any allegations that are inconsistent with the order.

44. Elan denies the allegations contained in Paragraph 44 of the Complaint, except only that Elan admits that on March 29, 2001, a court dismissed Bayer's patent infringement lawsuit against certain Elan, Biovail, and Teva entities. Many allegations in Paragraph 44 state Plaintiffs' views about the order of dismissal. Elan respectfully refers the Court to the text of Judge O'Kelley's order for its content and basis of the ruling, and Elan denies any allegations that are inconsistent with the order.

45. Paragraph 45 of the Complaint contains conclusions of law to which no response is required and, therefore, Elan neither admits nor denies the allegations contained in Paragraph 45 of the Complaint.

46. Elan denies the allegations contained in Paragraph 46 of the Complaint, except only that it admits that on or about October 26, 2001, the FDA granted final approval to Elan Corporation for an ANDA for a 60 mg version of generic Adalat CC.

47. Elan denies the allegations contained in Paragraph 47 of the Complaint.

48. Elan denies the allegations contained in Paragraph 48 of the Complaint.

49. Elan denies the allegations contained in Paragraph 49 of the Complaint, except only that Elan admits that in August 2002, Watson acquired certain rights to Elan Corporation's 30 mg and 60 mg dosage strengths of generic Adalat CC and that at some point thereafter Watson began selling the 30 mg and 60 mg dosages of Adalat CC.

50. Paragraph 50 of the Complaint contains only conclusions of law to which no response is required and, therefore, Elan neither admits nor denies the allegations contained in Paragraph 50 of the Complaint. To the extent Paragraph 50 of the Complaint contains any allegations of fact, Elan denies those allegations.

## Antitrust Violations

51. Elan denies the allegations contained in Paragraph 51 of the Complaint.

52. Elan denies the allegations contained in Paragraph 52 of the Complaint.

53. Elan denies the allegations contained in Paragraph 53 of the Complaint.

54. Elan denies the allegations contained in Paragraph 54 of the Complaint.

55. Elan denies the allegations contained in Paragraph 55 of the Complaint.

56.     Elan denies the allegations contained in Paragraph 56 of the Complaint.

## Demand for Jury Trial

The Demand for Jury Trial requires no response.

## Prayer for Relief

Elan denies that Plaintiff is entitled to any of the relief they have requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff suffered no injury in its business or property caused by any action or omission of the Elan defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff suffered no damages resulting from the conduct of the Elan defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were caused in whole or in part by the conduct of persons or entities other than the Elan defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered "antitrust injury" and therefore has no claim as a matter of law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff did not purchase generic Adalat CC directly from any of the Elan defendants and therefore lacks standing to sue them.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries or damages, if any, were not proximately caused by any conduct or inaction of the Elan defendants, were not foreseeable, or both.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent the conduct challenged by Plaintiff involved the Elan defendants, the Elan defendants acted reasonably and in good faith at all times, and was a lawful, proper, and reasonable exercise of business judgment in order to accomplish legitimate business objectives, and was not forbidden by law.

## NINTH AFFIRMATIVE DEFENSE

To the extent the conduct challenged by Plaintiff involved the Elan defendants, such conduct conformed with and was pursuant to all applicable statutes and regulations, and was not unlawful.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks damages duplicative of damages sought by other parties, such a recovery would violate the constitutional rights of the Elan defendants, including the right to due process of law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands in that the Plaintiff profited from any alleged violations.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff purports to seek injunctive relief, such relief is barred under the doctrines of *res judicata* and law of the case. Moreover, there is no case or controversy and Plaintiff lacks standing to seek injunctive relief because there exists no cognizable danger of

recurrence of the challenged conduct or threat of loss or damage absent an injunction.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff did not purchase generic Adalat CC 30mg after December 4, 2000 or generic Adalat CC 60 mg after October 26, 2001, Plaintiff lacks standing.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are based upon alleged assignments from third parties, those claims are barred to the extent such assignments are invalid or insufficient.

## SIXTEENTH AFFIRMATIVE DEFENSE

Elan incorporates by reference the affirmative defenses identified by other defendants in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Elan relies on any other defense or defenses that may become available or apparent as a result of the development of additional information, through discovery in this action or otherwise, and hereby reserves the right to amend its answer and to assert any such defense.

WHEREFORE, having fully answered the Complaint, Elan Corporation, plc and Elan Pharmaceutical Research Corporation ask that judgment be entered in their favor, that the Complaint be dismissed with prejudice in its entirety, and that the Elan defendants be awarded its costs and such other further additional and different relief as to which it may be entitled.

Respectfully submitted,

*/s/ Terri S. Bowman*

Paul H. Friedman, DC Bar No. 290635
Terri L. Bowman, DC Bar No. 448932
DECHERT LLP
1775 I Street, N.W.
Washington, D.C. 20006
Tel: (202) 261-3300
Fax: (202) 261-3333

*Attorneys for Defendants Elan Corporation, plc and Elan Pharmaceutical Research Corporation*

CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2006 I caused a true and correct copy of the foregoing Answer of Elan Corporation, plc and Elan Pharmaceutical Research Corporation to the Complaint and Demand for Jury Trial of Maxi-Drug to be served on all counsel of record in the above captioned case via the Court's Electronic Case Filing Program.

*Terri E. Bowman*
Terri L. Bowman